## JULIA C. DILLON *v.* PATTERSON & BELL.

BAILMENT. *Statute of frauds. Consideration. Case in judgment.*

Defendants, without the landlord's consent, bought of tenants and stored in a building, not on the leased land, crops upon which existed a lien for rent. The landlord objected to this, and also urged that there was danger of fire. Without agreeing to pay the rent, defendants retained the property and undertook to safely keep it until a settlement could be had. While thus held, after the rent was due, it was accidentally destroyed by fire. *Held,* that the statute of frauds had no application; that the facts stated constitute a sufficient consideration to uphold the agreement of defendants to bear the loss in case of fire, and that they are liable for the value of the property to the extent of the landlord's lien.

FROM the circuit court of Hinds county, second district.

HON. T. J. WHARTON did not preside in this case. D. S. FEARING, ESQ., acted as judge *pro hac vice.*

The opinion sufficiently states the facts. The court below instructed the jury to find for defendants, and judgment was entered accordingly, from which plaintiff appealed.

*C. M. Williamson,* for appellant.

1. There was conflicting evidence, and the case should have been submitted to the jury under proper instructions.

2. The defendants took from the tenants all their personal property and put the cotton and corn in a gin-house on the planta-

tion, but not on the leased land, without insurance. All this was without the knowledge or consent of plaintiff, the landlord, and, when warned by the latter of danger from fire, they expressly assumed the risk. They dealt with the property as their own, and but for their conduct the tenants would have paid the rent, which was past due when the property was burned.

Plaintiff had her election to enforce her lien as against the crops, or to sue the defendants. After the rent was due, they held the property and agreed to be responsible for its safe keeping until a settlement could be made.. Meantime it was destroyed, and they are liable. They were self-constituted bailees, and did not use even ordinary diligence.

*M. Dabney,* for appellees.

1. After buying out the interests of the tenants, Patterson & Bell were entitled to the possession of the property. *McGill* v. *Howard,* 61 Miss. 411.

The tenants would have had the right to put the cotton in the gin-house, so far as any risk of its being burned was concerned, and the purchasers stood in their shoes. It is admitted by the landlord that there was no ground for apprehension of loss by fire. The tenants were pleased with the arrangement, and the evidence incontrovertibly shows that the gin-house was the best and safest place to put the cotton. It is a quibble to say that the gin-house was not on the leased premises ; it was on the same plantation, and very near the tenants' houses.

Defendants had a right to buy out the tenants. The landlord had the right to attach, but did not, and left the cotton where it was placed.

2. Dillon's testimony does not import a promise by defendants to pay the debt, but only to turn over the cotton, which was the rent, the same being payable in cotton. Patterson merely meant that he would have the cotton, subject to the lien of the landlord, whom he did not desire to injure or antagonize. This did not constitute a promise, and there was no consideration for it, nor was the agreement in writing.

3. Where it is clear that a verdict for plaintiff would not be

allowed to stand, it is the duty of the court to instruct the jury to find for defendant. Here there was nothing that tended to fix a legal liability on the defendants.

4. *Wooten* v. *Givin*, 56 Miss. 422 ; *Dun* v. *Kelly*, 57 Miss. 825, and *Cohn* v. *Smith*, 64 Miss. 816, have no bearing in this case. In all of those cases the cotton was placed beyond the jurisdiction of the courts of this state, without the knowledge or consent of the landlord. Not so here.

COOPER, J., delivered the opinion of the court.

The court erred in directing the jury to find for the defendant.

The defendant, without the consent of the landlord, took charge of the crops grown on the demised premises, under purchases from the tenants, and retained possession after the rents were due. The crops were removed from the houses in which they had been stored by the tenants, and placed in the gin-house situated on the same plantation, but not upon the leased land. The landlord, apprehending danger from fire, objected to such disposition of the property, whereupon the defendants stated that they would take all risk of such injury, and the landlord, in reliance upon this assumption, forbore to act. We do not see what influence the statute of frauds has upon the question involved. There was no promise to pay the debt of a third person (the tenant); but a simple agreement by the defendants, who were in possession of property upon which the landlord had a lien, that they would have the property forthcoming to respond to his demand for rent, and would bear the loss if it should be destroyed by fire, as the landlord feared it would if left in the place where it had been deposited by the purchaser. We do not perceive anything illegal in the agreement of the parties, nor is, there anything in the statute of frauds that required the contract to be in writing. The danger of loss to the landlord by reason of the destruction of the property by fire, and the advantage to the defendants in being permitted to deal with it as they desired, formed a sufficient consideration to uphold their promise to bear the loss in event the property should be lost by fire. Since the loss has resulted, it may seem hard that defendants should pay

so much for so small a consideration, but the risk also seemed small when responsibility was assumed, and, but for the agreement of the defendants, it is but fair to assume that the landlord would have protected himself by a resort to other remedies. In any event, a recovery of the value of the property destroyed to the extent of the lien of plaintiff upon it is within the terms of the agreement.

*The judgment is reversed and cause remanded.*